[No. 16326-1-III.    Division Three.    March 12, 1998.]

THE CITY OF WALLA WALLA, *Petitioner*, v. JAMIE ASHBY, *Respondent*.

*Timothy J. Donaldson, City Attorney*, for petitioner.
*Jeffrey J. Hatch* of *McAdams, Ponti & Wernette, P.S.*, for respondent.

BROWN, J. — Today we decide whether the superior court erred when reversing a municipal court's restitution order and remanding for a cause hearing in Jamie Ashby's hit-and-run conviction under RCW 46.52.010. We affirm the superior court's order reversing the municipal court's restitution order because our case law recognizes neither legal causation to recover damage to the vehicle struck, nor a basis to order the payment as a condition of probation under RCW 9.95.210. These issues were decided in *State v. Hartwell*, 38 Wn. App. 135, 138, 684 P.2d 778 (1984), *overruled on other grounds by State v. Krall*, 125 Wn.2d 146, 881 P.2d 1040 (1994). We reverse the superior court's order remanding for a cause hearing, because the *Hartwell* rationale views the striking of the hit vehicle as merely a predicate fact to leaving the scene. Accordingly, we affirm in part and reverse in part.

## FACTS

On November 1, 1995, Jamie Ashby rear-ended a vehicle,

injuring the individual inside. She left the scene of the accident without rendering aid or providing information. At the time, Ms. Ashby was driving with a suspended license.

Ms. Ashby was charged with driving a motor vehicle while having a suspended license and failing to stop after colliding with an occupied vehicle. In December, Ms. Ashby pleaded guilty to the suspended license charge and a month later pleaded guilty to the lesser offense of failing to stop after a collision with an unoccupied vehicle, a misdemeanor. The municipal court judge ordered Ms. Ashby to pay $500 (the deductible) restitution to the victim as a condition of her probation, despite Ms. Ashby's argument restitution was not proper because there was no connection between the crime and the victim's injuries as required by case law. The judge rejected this reasoning.

Ms. Ashby then appealed the judge's restitution order to the superior court. There, the court ruled restitution appropriate only where the precise crime charged proximately caused the injury and reversed. However, the court remanded for a proximate cause hearing permitting restitution to be reinstated if proximately caused by the violation of the crime. The City of Walla Walla then petitioned for and was granted discretionary review of both parts of the trial judge's order. On appeal, Ms. Ashby claims she was not advised restitution was a direct consequence of her plea. The City claims that Ms. Ashby never raised this issue before or requested a restitution hearing.

## ANALYSIS

The dispositive issue is whether the trial court erred when reversing the municipal court's restitution order and requiring a proximate cause hearing.

A court has discretion to order restitution whenever an offender is convicted of an offense resulting in injury to any person or damage to any property. RCW 9.94A.142. Furthermore, a court may order restitution as a condition of probation "to any person or persons who may have suf-

fered loss or damage by reason of the commission of the crime in question . . . ." RCW 9.95.210(2).

■■ The purpose of restitution is to compensate the victim, punish or rehabilitate the criminal and deter future crime. Scott Peterson, *Court-Ordered Criminal Restitution in Washington*, 62 WASH. L. REV. 357 (1987). The court is given wide discretion in ordering restitution. *See* RCW 9.92, 9A.20.030(1), 9.94A.140(2), 9.95.210(2). However, there must be a sufficient relationship between the crime charged and the injuries for which restitution is ordered. *State v. Tetters*, 81 Wn. App. 478, 480, 914 P.2d 784 (1996); *Hartwell*, 38 Wn. App. at 138.

In *Hartwell*, the case relied upon in the municipal court by Ms. Ashby, Division One addressed the same issue before this court: whether restitution is proper when the crime is hit-and-run. There, Mr. Hartwell was involved in an accident where three people were seriously injured. He left the scene of the accident without stopping to render aid or leave information. Later, he was apprehended and charged with hit-and-run of an occupied vehicle. His sentence was suspended conditioned on his fulfilling an order of restitution. *Hartwell*, 38 Wn. App. at 136. The court stated that because the injuries took place before the actual crime happened (i.e., leaving the scene), there was not a sufficient relationship between the crime and the injuries. *Id.* at 140. The court reasoned that if Mr. Hartwell chose to stay at the scene of the accident and not committed the crime of leaving, the injuries would have been the same. It then reasoned the crime could not then be said to have caused the injuries. *Id.* The court concluded restitution in such circumstances is inappropriate. *Id.* at 141. The court's decision did, however, seem to leave open restitution for any increased investigation expenses caused by an investigation to identify the fleeing driver.

California district courts reflected the general division of thought among jurisdictions on the issue of restitution and hit-and-run until 1995 when the California Supreme Court decided *People v. Carbajal*, 10 Cal. 4th 1114, 899 P.2d 67

(1995). In *Carbajal*, the court held it was within a trial court's discretion in a hit-and-run case to condition probation on payment of restitution. *Carbajal*, 899 P.2d at 74. The California Supreme Court reasoned that restitution is sufficiently related to the crime of leaving the scene of the accident because the leaving forces the victim to bear the economic loss of the accident, therefore the leaving is actually creating an injury. *Id.* at 72. The court also discussed the importance of restitution's deterrent effect on hit-and-run offenders by forcing the criminal to confront the harm his/her actions have caused. *Id.* at 73.

█ Here no finding after hearing by the municipal court can be found demonstrating Ms. Ashby's conduct caused the damage. When challenged with *Hartwell*, the municipal court justified the result by emphasizing the amount ordered was a condition of probation. RCW 9.95.210. *Hartwell* squarely rejected the probation condition argument and any causal relationship, as well as the damage to the struck vehicle. *Hartwell* has been followed uniformly by the courts of our jurisdiction since 1984 whenever confronted with similar restitution claims. We conclude our jurisdiction does not recognize a sufficient relationship exists between the act of striking another vehicle and leaving the scene to establish the necessary causation nexus for restitution. The City does not dispute the precedential nature of *Hartwell*, however, urges us to recognize its flawed reasoning, reject it, and establish an element-driven test for restitution.

█ Even though we recognize the validity of the City's well-made argument that we should view the elements of "hit-and-run" to be interrelated and interdependent and reject the completed offense analysis of *Hartwell*, we are constrained to follow *Hartwell* until directed otherwise by our Supreme Court. *Hartwell* may not reason with pure deductive logic that the crux of this offense is simply leaving the scene. The *Hartwell* completed-offense rationale attributes mere predicate fact status to the hitting of another vehicle and emphasizes the leaving as the core of the of-

fense. The City fails to recognize, however, the concept is also recognized by our Supreme Court. "Under RCW 46.52.010 or .020, one must be involved in a collision or an accident resulting in property damage or bodily injury *as a predicate to being convicted of hit-and-run.*" *State v. Johnson*, 119 Wn.2d 167, 175, 829 P.2d 1082 (1992) (emphasis added). Although we may be in a position to reject the reasoning of another Division of this court, until decisively rejected by our Supreme Court, we will reach similar results when presented with similar facts. Accordingly, we decide the trial court did not err when reversing the municipal court's order of restitution.

We recognize the compelling argument of the City that this result leads to the consequent inability of trial courts to access restitution under these factual circumstances as a flexible tool to help accomplish the goals of the Sentencing Reform Act of 1981, RCW 9.94A. This result may also, as suggested by the City, impair the trial court's ability to meet the criminal justice goals of deterrence, punishment, and rehabilitation, and relegate victims in the struck vehicle to a reduced opportunity for reparation from the fleeing driver.

■ Because we reject restitution damage related to the struck vehicle, a causation hearing is unnecessary. We note, however, the trial court incorrectly added the word "proximate" to the causation required for restitution. Foreseeable cause is the required relationship required between damage and restitution in a criminal case. "Restitution is appropriate if the ultimate damages are foreseeable to the defendant and the trial court finds a causal connection between the crime proved and the injuries for which compensation is made." *State v. Clapp*, 67 Wn. App. 263, 276, 834 P.2d 1101 (1992), *review denied*, 121 Wn.2d 1020 (1993) (citing *Hartwell*, 38 Wn. App. at 139)). This nexus requirement is simply a reasonable or rational connection between the damage and the precise crime charged, not a proximate cause requirement.

## CONCLUSION

We affirm the superior court's decision reversing the

restitution award and reverse the requirement for a cause hearing. Accordingly, we do not reach Ms. Ashby's additional issues raised for the first time on appeal related to the municipal court's claimed failure to advise her that restitution was a direct consequence of her plea. In summary, *Hartwell* recognizes neither legal cause to recover damage to the vehicle struck, nor a basis to order restitution as a condition of probation under RCW 9.95.210. Until *Hartwell*'s reasoning is specifically overruled, it should have been recognized as precedent by the district and the superior court.

Affirmed in part and reversed in part.

KURTZ, A.C.J., and KATO, J., concur.