219 P.3d 722 (2009)
STATE of Washington, Appellant,
v.
Roger D. STALKER, Respondent.
No. 62549-7-I.
Court of Appeals of Washington, Division 1.
October 19, 2009.
*723 James Michael Mucklestone, Attorney at Law, Arlington, WA, for Appellant.
Charles Franklin Blackman, Snohomish County Pros., Everett, WA, for Respondent.
DWYER, A.C.J.
¶ 1 The compromise of misdemeanor statute, chapter 10.22 RCW, authorizes the trial court to dismiss a misdemeanor charge if the person injured by the acts constituting the offense has a civil remedy and appears in court acknowledging full satisfaction for the injury. RCW 10.22.020. In 1981, we held that the crime of hit and run of an attended vehicle is subject to compromise. State ex rel. Fitch v. Roxbury Dist. Court, 29 Wash. App. 591, 597, 629 P.2d 1341 (1981). The State now asserts that subsequent case law has undermined that holding. The standard for overruling precedent is strict: the earlier decision must be both incorrect and harmful. Lunsford v. Saberhagen Holdings, Inc., 166 Wash.2d 264, 278, 208 P.3d 1092 (2009) (quoting State v. Devin, 158 Wash.2d 157, 168, 142 P.3d 599 (2006)). Because the standard for overruling Roxbury is not met, the trial court did not err by dismissing the charge herein. Accordingly, we affirm.

I
¶ 2 Roger Stalker was charged with driving under the influence of intoxicants and hit and run of an attended vehicle, in violation of RCW 46.61.502 and RCW 46.52.020, respectively. He pleaded guilty to the DUI charge but sought dismissal of the hit and run charge pursuant to the misdemeanor compromise statute. The district court granted the motion, dismissing the charge. The superior court initially reversed the dismissal order because the owner of the other vehicle involved in the collision had not confirmed that he had been fully compensated for the damages incurred. On remand, Stalker again sought a misdemeanor compromise, offering an affidavit from the vehicle owner indicating full compensation. The district court granted the motion, again dismissing the charge. The superior court affirmed. A commissioner of this court granted discretionary review.

II
¶ 3 A trial court can dismiss misdemeanor charges pursuant to chapter 10.22 RCW, even over the State's objection. RCW 10.22.010 sets forth the circumstances in *724 which a misdemeanor compromise is permitted:
When a defendant is prosecuted in a criminal action for a misdemeanor, other than a violation of RCW 9A.48.105, for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided in RCW 10.22.020, except when it was committed:
(1) By or upon an officer while in the execution of the duties of his office;
(2) Riotously;
(3) With an intent to commit a felony; or
(4) By one family or household member against another as defined in RCW 10.99.020 and was a crime of domestic violence as defined in RCW 10.99.020.
The trial court is vested with the discretion to approve a compromise, which results in the court ordering the proceedings discontinued and the defendant discharged. RCW 10.22.020. A misdemeanor can be compromised only if the injured party appears in court and acknowledges in writing that full satisfaction for the injury was received. RCW 10.22.020.
¶ 4 A trial court's decision to dismiss a charge under the misdemeanor compromise statute is reviewed for an abuse of discretion. City of Seattle v. Stokes, 42 Wash.App. 498, 501, 712 P.2d 853 (1986); State v. Perdang, 38 Wash.App. 141, 144-45, 684 P.2d 781 (1984); see RCW 10.22.020. A trial court necessarily abuses its discretion if its ruling is based on an erroneous view of the law. Dix v. ICT Group, Inc., 160 Wash.2d 826, 833, 161 P.3d 1016 (2007).
¶ 5 We have expressly held that a misdemeanor hit and run charge is suitable for compromise. Roxbury, 29 Wash.App. at 597, 629 P.2d 1341. The State contends, however, that misdemeanor compromise of a hit and run charge is inconsistent with the decisions in later-decided cases holding that ordering restitution as a condition of sentencing or probation upon a hit and run conviction is precluded because the losses suffered from the collision were not caused by the core offense of fleeing the scene. See City of Walla Walla v. Ashby, 90 Wash.App. 560, 561, 952 P.2d 201 (1998); State v. Hartwell, 38 Wash.App. 135, 138-41, 684 P.2d 778 (1984). The State argues that it is inconsistent to allow hit and run charges to be dismissed by compromise based on compensation when restitution cannot be ordered upon conviction. Furthermore, the State asserts that Ashby and Hartwell cannot be reconciled with Roxbury, which should no longer constitute controlling precedent.
¶ 6 Courts do not "lightly set aside precedent." State v. Kier, 164 Wash.2d 798, 804-05, 194 P.3d 212 (2008). The law must be reasonably certain, consistent, and predictable so as to allow citizens to guide their conduct in society, see In re Matter of Mercer, 108 Wash.2d 714, 720-21, 741 P.2d 559 (1987), and to allow trial judges to make decisions with a measure of confidence. The doctrine of stare decisis provides this necessary clarity and stability in the law, gives litigants clear standards for determining their rights, and "prevent[s] the law from becoming `subject to incautious action or the whims of current holders of judicial office.'" Lunsford, 166 Wash.2d at 278, 208 P.3d 1092 (quoting In re Rights to Waters of Stranger Creek, 77 Wash.2d 649, 653, 466 P.2d 508 (1970)). As discussed by our Supreme Court:
This court has infrequently discussed under what conditions it should disregard the doctrine of stare decisis and overturn an established rule of law. An eloquent opinion on the matter was given by Justice Hale in State ex rel. State Fin. Comm. v. Martin, 62 Wash.2d 645, 665-66, 384 P.2d 833 (1963):
Through stare decisis, the law has become a disciplined artperhaps even a sciencederiving balance, form and symmetry from this force which holds the components together. It makes for stability and permanence, and these, in turn, imply that a rule once declared is and shall be the law. Stare decisis likewise holds the courts of the land together, making them a system of justice, giving them unity and purpose, so that the decisions of the courts of last resort are held to be binding on all others.

*725 Without stare decisis, the law ceases to be a system; it becomes instead a formless mass of unrelated rules, policies, declarations and assertionsa kind of amorphous creed yielding to and wielded by them who administer it. Take away stare decisis, and what is left may have force, but it will not be law.
State v. Ray, 130 Wash.2d 673, 677, 926 P.2d 904 (1996).
¶ 7 Our Supreme Court has held that it will overrule precedent only when such precedent is both incorrect and harmful.[1]Lunsford, 166 Wash.2d at 278, 208 P.3d 1092. We apply the same standard for overruling precedent as does the Supreme Court. See Little v. King, 147 Wash.App. 883, 889, 198 P.3d 525 (2008) (overruling an earlier Court of Appeals decision). Therefore, we will abrogate the holding of a prior decision only if the party seeking to have the decision overruled has demonstrated that the precedent is both incorrect and harmful. Kier, 164 Wash.2d at 804-05, 194 P.3d 212.
¶ 8 With regard to the first consideration, the Roxbury decision is not demonstrably incorrect. The State argues that the Roxbury court incorrectly construed the misdemeanor compromise statute in holding that it was applicable to hit and run offenses. We disagree.
¶ 9 The primary purpose of statutory construction is to give effect to the legislature's intent. In re Custody of Smith, 137 Wash.2d 1, 8, 969 P.2d 21 (1998), aff'd sub nom., Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). We have previously determined that the purpose of the misdemeanor compromise statute is to provide restitution to crime victims and to avoid prosecution of minor offenders. State v. Ford, 99 Wash.App. 682, 686, 995 P.2d 93 (2000). Almost 30 years ago, Roxbury construed chapter 10.22 RCW as allowing for the compromise of hit and run charges, in order to give effect to this legislative intent. See 29 Wash.App. at 597, 629 P.2d 1341.
¶ 10 Moreover, the legislature is presumed to be familiar with past judicial interpretations of statutes, including appellate court decisions. See Riehl v. Foodmaker, Inc., 152 Wash.2d 138, 147, 94 P.3d 930 (2004) (quoting Friends of Snoqualmie Valley v. King County Boundary Review Bd., 118 Wash.2d 488, 496-97, 825 P.2d 300 (1992)); State v. Calderon, 102 Wash.2d 348, 351, 684 P.2d 1293 (1984); State v. Fenter, 89 Wash.2d 57, 62, 569 P.2d 67 (1977). Indeed, legislative inaction following a judicial decision interpreting a statute is often deemed to indicate legislative acquiescence in or acceptance of the decision. Soproni v. Polygon Apartment Partners, 137 Wash.2d 319, 327 n. 3, 971 P.2d 500 (1999); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 789, 719 P.2d 531 (1986). "[W]here statutory language remains unchanged after a court decision the court will *726 not overrule clear precedent interpreting the same statutory language." Riehl, 152 Wash.2d at 147, 94 P.3d 930.
¶ 11 Significantly, since 1981, the year in which we issued our decision in Roxbury, the legislature has twice amended RCW 10.22.010 to exclude particular classes of misdemeanors from eligibility for compromise. First, in 1989, the statute was amended to exclude from compromise domestic violence misdemeanors. Laws of 1989, ch. 411, § 3. Second, in 2008, the legislature amended the statute to exclude certain criminal gang-related activities. Laws of 2008, ch. 276, § 308. In undertaking these revisions to clarify the statute's application, the legislature has never taken the opportunity to alter the effect of Roxbury. This also indicates legislative acceptance of the decision. Thus, the State utterly fails to establish that Roxbury is inconsistent with the intent of the legislature. By so failing, the State also fails to establish that Roxbury was wrongly decided.
¶ 12 With regard to the second consideration, the compromise of a hit and run charge, basedas it ison the exercise of the trial court's discretion, is not harmful to society. The Roxbury court recognized the existence of a public policy favoring compensation of victims of criminal traffic offenses, 29 Wash.App. at 594-95, 629 P.2d 1341, and, therefore, concluded that the misdemeanor compromise statute should be broadly read. 29 Wash.App. at 597, 629 P.2d 1341. A requirement for compromise is that the victim receives full satisfaction of damages; therefore, 100 percent of the victims of crimes dismissed under the misdemeanor compromise statute are fully compensated. The same cannot be said of the victims of crimes for which restitution is ordered.
¶ 13 In addition, as noted in Roxbury, the misdemeanor compromise statute serves the interests of justice in yet another way:
In addition to the policy favoring restitution for victims of traffic offenses, there are other policy considerations favoring the vesting of discretion in the trial courts to compromise minor offenses. The vesting of a discretionary power in the courts of limited jurisdiction by means of RCW 10.22 operates as a check and balance against the much greater discretionary power of the police to decide when to arrest and of the prosecutor when to prosecute. A trial court's impartial judgment in determining whether to dismiss the charge when based upon restitution to the victim can bring to bear many factors important in the furtherance of justice which are not within the purview of the police and prosecutor.
¶ 14 Roxbury, 29 Wash.App. at 595, 629 P.2d 1341.
¶ 15 The strict standard for overruling Roxbury has not been met. District and municipal court judges should continue to exercise their discretion in granting or denying requests for the misdemeanor compromise of hit and run charges.
¶ 16 Affirmed.
WE CONCUR: COX and GROSSE, JJ.
NOTES
[1] The test for overruling precedent has shifted between the conjunctive ("and") and the disjunctive ("or") form. The Supreme Court originally stated the test as being "incorrect and harmful." Stranger Creek, 77 Wash.2d at 653, 466 P.2d 508 ("[Stare decisis] requires a clear showing that an established rule is incorrect and harmful before it is abandoned."). Then, in 1996, the court, without explanation, stated the test in the disjunctive form, holding that an established rule of law will only be reversed if it is "shown to be incorrect or harmful." Ray, 130 Wash.2d at 678, 926 P.2d 904. The appellate courts followed suit, reiterating the disjunctive form of the inquiry. See, e.g., King v. W. United Assur. Co., 100 Wash.App. 556, 561, 997 P.2d 1007 (2000); State v. Coss, 87 Wash.App. 891, 904, 943 P.2d 1126 (1997). Meanwhile, several other Supreme Court cases recited the test in the disjunctive form, although often in a footnote. See City of Fircrest v. Jensen, 158 Wash.2d 384, 391-92, 143 P.3d 776 (2006); State v. Cheatam, 150 Wash.2d 626, 640 n. 2, 81 P.3d 830 (2003); State v. Baldwin, 150 Wash.2d 448, 460, 78 P.3d 1005 (2003) (overruling a case because it was incorrect, but also briefly noting that it was harmful); Howe v. Douglas County, 146 Wash.2d 183, 191-92, 43 P.3d 1240 (2002); Bishop v. Miche, 137 Wash.2d 518, 529, 973 P.2d 465 (1999). However, most reported cases stated the test in the conjunctive. See, e.g., 1000 Friends of Washington v. McFarland, 159 Wash.2d 165, 176, 149 P.3d 616 (2006) ("Before [a case] may be overruled, it must be shown to be both incorrect and harmful."); Devin, 158 Wash.2d at 168, 142 P.3d 599; State v. Clark, 143 Wash.2d 731, 778, 24 P.3d 1006 (2001); Waremart, Inc. v. Progressive Campaigns, Inc., 139 Wash.2d 623, 634, 989 P.2d 524 (1999); State v. Berlin, 133 Wash.2d 541, 547, 947 P.2d 700 (1997). Because our Supreme Court's most recent pronouncement utilizes the conjunctive form, Lunsford, 166 Wash.2d at 278, 208 P.3d 1092, so will we.