FILED
COURT OF APPEALS
DIVISION II

2015 JUN 30 AM 8: 30

STATE OF WASHINGTON

DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In Re the Matter of the Personal Restraint of<br><br>MICHAEL ALAN WHEELER,<br><br>Petitioner. | No. 45426-2-II<br><br>PUBLISHED OPINION |

LEE, J. — Michael Alan Wheeler filed a CrR 7.8 motion, alleging that his 2000 conviction for failure to register as a sex offender is invalid because it is based on his 1985 conviction of third degree statutory rape, which the legislature repealed as an offense in 1988. Wheeler's motion was transferred to this court as a personal restraint petition. We hold that the judgment and sentence is invalid on its face, grant the petition, and vacate Wheeler's 2000 conviction for failure to register as a sex offender.

## FACTS

Wheeler pleaded guilty to third degree statutory rape in 1985. The legislature repealed the statute under which Wheeler was convicted in 1988. LAWS OF 1988, ch. 145, § 24. In 1990, the legislature enacted RCW 9A.44.130, which required sex offenders to register. LAWS OF 1990, ch. 3, § 402. In 1999, the State charged Wheeler with failing to register as a sex offender under the newly enacted law based on his 1985 third degree statutory rape conviction. In 2000, Wheeler pleaded guilty to failure to register as a sex offender, with his 1985 statutory rape conviction serving as the predicate offense.

In 2013, Wheeler filed a CrR 7.8 motion in superior court, alleging that his 2000 conviction was unlawful under *State v. Taylor*, 162 Wn. App. 791, 259 P.3d 289 (2011). Because the motion appeared to be time barred, the superior court transferred it to this court for consideration as a personal restraint petition under CrR 7.8(c)(2). After the State filed a response arguing that the petition was untimely under RCW 10.73.090(1) and RCW 10.73.100, we requested, and the parties provided, supplemental briefing regarding the facial validity of the 2000 judgment and sentence.

## ANALYSIS

### A.  LEGAL PRINCIPLES

To obtain relief by means of a personal restraint petition, a petitioner must demonstrate that he is under restraint and that the restraint is unlawful. *In re Pers. Restraint of Martinez*, 171 Wn.2d 354, 363, 256 P.3d 277 (2011). A petitioner is under restraint if he has limited freedom because of a court decision, is confined or subject to imminent confinement, or is under some other disability resulting from a judgment or sentence in a criminal case. RAP 16.4(b). Wheeler has completed his sentence for failure to register, but the State concedes that he meets the "restraint" requirements due to the stigma and collateral consequences associated with his conviction. *See In re Pers. Restraint of Richardson*, 100 Wn.2d 669, 670, 675 P.2d 209 (1983) (allowing petitioner who had completed sentence to bring personal restraint petition to "remove a serious blot from his record"), *overruled on other grounds*, *State v. Dhaliwal*, 150 Wn.2d 559, 79 P.3d 432 (2003).

To show that his restraint is unlawful, a petitioner must demonstrate either constitutional error that resulted in actual and substantial prejudice or a fundamental defect of a nonconstitutional nature that resulted in a complete miscarriage of justice. *In re Pers. Restraint of Cook*, 114 Wn.2d

2

802, 810-13, 792 P.2d 506 (1990). The imposition of an unlawful sentence is a fundamental defect. *In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 818, 272 P.3d 209 (2012).

In addition, a petition challenging a judgment and sentence generally must be filed within one year after the judgment becomes final. RCW 10.73.090(1). The time limit may be avoided if the judgment and sentence is invalid on its face. RCW 10.73.090(1). A judgment is invalid on its face under RCW 10.73.090(1) where the trial court exceeded its statutory authority in entering the judgment or sentence. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 135, 267 P.3d 324 (2011). Where a defendant is convicted of a nonexistent crime, the judgment and sentence is invalid on its face. *In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 860, 100 P.3d 801 (2004). This is true whether or not the petitioner pleaded guilty. *Hinton*, 152 Wn.2d at 860. An agreement to plead guilty to a nonexistent crime does not foreclose collateral relief because a plea agreement cannot exceed the statutory authority granted to the courts. *In re Pers. Restraint of Thompson*, 141 Wn.2d 712, 723, 10 P.3d 380 (2000).

Wheeler's judgment and sentence became final when it was entered in 2000. *See* RCW 10.73.090(3)(a) (judgment becomes final when filed with the trial court clerk). He filed this petition well beyond the one-year time limit. If his judgment and sentence is invalid on its face, however, his petition is exempt from that time limit.

B.     JUDGMENT AND SENTENCE INVALID ON ITS FACE

The State concedes in its briefing that Wheeler's judgment and sentence is facially invalid if we agree with Division One's analysis in *Taylor*, 162 Wn. App. 791.[1] In *Taylor*, the defendant

---

[1] Despite its written concession, the State asserted during oral argument that Wheeler's guilty plea waived his facial invalidity claim. As discussed, *Hinton* disposes of this assertion.

was convicted of third degree statutory rape under former RCW 9A.44.090 (1979) in 1988. 162 Wn. App. at 793-94. The legislature repealed former RCW 9A.44.090 later that year. LAWS OF 1988, ch. 145, § 24; *Taylor*, 162 Wn. App. at 793-94.[2] In 2009, the State charged Taylor with failure to register as a sex offender in violation of former RCW 9A.44.130 (2006), listing the 1988 statutory rape conviction as his predicate offense. *Taylor*, 162 Wn. App. at 794 n.1. The trial court found him guilty as charged, and he appealed. *Taylor*, 162 Wn. App. at 794.

At the time of Taylor's 2009 offense, the sex offender registration statute required any adult who had been convicted of a sex offense to register with the county sheriff. Former RCW 9A.44.130(1)(a); *Taylor*, 162 Wn. App. at 794. The registration statute defined a sex offense, in part, as any offense so defined by RCW 9.94A.030. Former RCW 9A.44.130(10)(a)(i). The *Taylor* court held that the relevant part of the sex offense definition was that defining a sex offense as a felony that "is" a violation of chapter 9A.44 RCW. 162 Wn. App. at 795. Because the predicate offense for Taylor's 2009 failure to register conviction was not a violation of chapter 9A.44 RCW in 2009, Division One reversed the conviction. 162 Wn. App. at 801.

Here, Wheeler pleaded guilty to third degree statutory rape under former RCW 9A.44.090 (1979) in 1985. As stated, the legislature repealed the statutory rape statutes in 1988. LAWS OF 1988, ch. 145, § 24. In 2000, Wheeler pleaded guilty to failure to register as a sex offender between September 1997 and April 1998. At the time of his offense, the sex offender registration statute required any adult who had been convicted of a sex offense to register with the county sheriff. Former RCW 9A.44.130(1) (1997). The statute defined a sex offense, in part, as any felony so

---

[2] The legislature replaced the provisions defining three degrees of statutory rape with three degrees of the crime of rape of a child. *Taylor*, 162 Wn. App. at 796 n.4.

No. 45426-2-II

defined by RCW 9.94A.030. Former RCW 9A.44.130(6)(a). The corresponding definition of

"sex offense" stated as follows:

> (a) *A felony that is a violation of chapter 9A.44 RCW* or RCW 9A.64.020 or 9.68A.090 or a felony that is, under chapter 9A.28 RCW, a criminal attempt, criminal solicitation, or criminal conspiracy to commit such crimes;
> (b) A felony with a finding of sexual motivation under RCW 9.94A.127 or 13.40.135; or
> (c) Any federal or out-of-state conviction for an offense that under the laws of this state would be a felony classified as a sex offense under (a) of this subsection.

Former RCW 9.94A.030(33) (1997) (emphasis added). Under the reasoning in *Taylor*, because

statutory rape was repealed in 1988 and, therefore, not a violation of chapter 9A.44 RCW in 1997

and 1998, Wheeler's resulting conviction for failure to register as a sex offender would be invalid

on its face.

B.    LEGISLATIVE INTENT

The State maintains that we should not follow *Taylor* because it rests on an improper

interpretation of the word "is" in the sex offense definition. The State argues that it is far more

reasonable to read the word "is" broadly and to conclude that the legislature intended that any

crime which was at any time included in chapter 9A.44 RCW "is" a sex offense.

To support its interpretation of former RCW 9.94A.030(33), the State cites the policy

statement underlying the sex offender registration statute. That policy notes the high risk of

reoffense that sex offenders pose and the need to assist local law enforcement agencies in

protecting their communities by requiring sex offenders to register with those agencies. LAWS OF

1990, ch. 3, § 401. The State argues that if monitoring the whereabouts of sex offenders is a

priority, it is unlikely that the legislature meant to exempt offenders who were convicted before the 1990 legislation was enacted. We disagree.

The purpose of interpreting a statute is to determine and enforce the legislature's intent. *State v. Alvarado*, 164 Wn.2d 556, 561-62, 192 P.3d 345 (2008). Where the meaning of statutory language is plain on its face, courts must give effect to that plain meaning as an expression of legislative intent. *Id.* at 562. In discerning the plain meaning of a provision, courts consider the entire statute in which the provision is found, as well as related statutes or other provisions in the same act that disclose legislative intent. *Id.*

Looking at the plain language of the sex offense definition, we observe, as did the *Taylor* court, that this definition was amended in 1999 to include "[a]ny conviction for a felony offense in effect at any time prior to July 1, 1976, that is comparable to a felony classified as a sex offense in (a) of this subsection." LAWS OF 1999, ch. 352, § 8; 162 Wn. App. at 798. This action is consistent with the view that the previous language did not apply the duty to register to crimes not currently listed in chapter 9A.44 RCW. *Taylor*, 162 Wn. App. at 798. This action also shows the legislature's ability to tailor the definition to include offenses other than those currently classified as sex offenses under the SRA.

We observe further that despite the holding in *Taylor*, the legislature has not amended the sex offense definition to include comparable post-1976 felonies that were subsequently repealed. The legislature is presumed to be familiar with past judicial interpretations of statutes, including appellate court decisions. *State v. Stalker*, 152 Wn. App. 805, 812-13, 219 P.3d 722 (2009), *review denied*, 168 Wn.2d 1043 (2010). "[L]egislative inaction following a judicial decision interpreting a statute often is deemed to indicate legislative acquiescence in or acceptance of the decision."

6

*Stalker*, 152 Wn. App. at 813. "'[W]here statutory language remains unchanged after a court decision the court will not overrule clear precedent interpreting the same statutory language.'" *Stalker*, 152 Wn. App. at 813 (quoting *Riehl v. Foodmaker, Inc.*, 152 Wn.2d 138, 147, 94 P.3d 930 (2004)). Consequently, we agree with *Taylor* that the sex offense definition in effect when Wheeler failed to register supports a reading of "is" that permits only sex offenses contemporaneously included in chapter 9A.44 RCW to serve as the predicate for a failure to register conviction.

Wheeler's 2000 judgment and sentence is invalid on its face because his conviction is not based on an offense defined as a sex offense at the time of the failure to register. This error constitutes a fundamental defect that entitles Wheeler to relief. Accordingly, we grant the petition and vacate Wheeler's 2000 conviction for failing to register as a sex offender.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Maxa, J.

7