Siddoway, J.
¶20 (concurring) — As explained in the majority opinion, the harm that will ensue if we do not follow the decisions of our fellow divisions in State v. Taylor, 162 Wn. App. 791, 259 P.3d 289 (2011) and In re Personal Restraint of Wheeler, 188 Wn. App. 613, 354 P.3d 950 (2015) is a compelling consideration and a sufficient reason to follow that authority and grant Eddie Arnold’s personal restraint petition.
¶21 When it comes to whether our Supreme Court’s “incorrect and harmful” standard applies in this court, I agree with the reasoning of Grisby v. Herzog that it does not. 190 Wn. App. 786, 808-09 & n.6, 362 P.3d 763 (2015). It is not inappropriate for this court to consider whether a previous opinion is incorrect and harmful in the course of deciding whether or not to follow it, but since we do not overrule prior decisions, “it is not obligatory for this court to use ... a standard developed by the highest state court for its own use in determining whether to overrule one of its own decisions.” Id. at 809 n.6 (referring to the contrary position in State v. Stalker, 152 Wn. App. 805, 219 P.3d 722 (2009) as “dicta”). Among other differences, decisions to which our Supreme Court applies stare decisis were decided by no less than 5 of its 9 members. Decisions within our court that we heed, but with which we sometimes disagree, are reached by 3, and sometimes only 2, of our 22 members.
¶22 I conclude that justice is best served by deciding this case consistently with Taylor and Wheeler, recognizing that the State may seek review by our Supreme Court.