Lawrence-Berrey, A.C.J.
¶35 (dissenting) — The majority adopts a stare decisis rule for future Court of Appeals panels to apply. The rule prevents correcting a prior holding *856 unless the panel determines that the prior holding is both incorrect and harmful. For purposes of my dissent, I will accept the majority’s rule. I dissent because the holdings of Taylor[6] and Wheeler[7] are incorrect and harmful.
A. Taylor and Wheeler are incorrect
¶36 Statutory interpretation is a question of law reviewed de novo. Taylor, 162 Wn. App. at 797. The court’s goal is to discern and implement the legislature’s intent. Id. When interpreting a statute, courts first look to the statute’s plain meaning. Id. This court discerns plain meaning “from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole.” Christensen v. Ellsworth, 162 Wn.2d 365, 373, 173 P.3d 228 (2007).
¶37 Prior to discussing Taylor and Wheeler, it is important to understand the progression of Washington’s child rape statutes and the requirement that certain sex offenders register.
1. Background of Washington’s child rape statutes
¶38 For most of the 1900s, Washington criminalized adults engaging in sex with minors by its “carnal knowledge” statute. See former RCW 9.79.020 (1973). It provided that a person who “carnally [knew]” a child under 18 years old would be imprisoned for up to 15 years, up to 20 years, or up to life, depending on the child’s age. See former RCW 9.79.020(l)-(3).
¶39 In April 1975, the legislature repealed the carnal knowledge statute and replaced it with three degrees of statutory rape. See Laws of 1975, 1st Ex. Sess., ch. 14, §§ 7-9, 10(2); see also former RCW 9.79.200, .210, .220 (1975). The newly enacted second degree statutory rape law provided:
*857 (1)A person over sixteen years of age is guilty of statutory rape in the second degree when such person engages in sexual intercourse with another person, not married to the perpetrator, who is eleven years of age or older but less than fourteen years old.
Former RCW 9.79.210 (1975). Its effective date, along with the other statutory rape provisions, was September 8,1975. See Laws of 1975, at ii (“Effective Date of Laws”).
¶40 Less than one year after enacting the statutory rape provisions in chapter 9.79 RCW, the legislature enacted the Washington Criminal Code, Title 9A RCW, effective July 1, 1976. See Laws of 1975, 1st Ex. Sess., ch. 260. However, all sex crimes remained codified in chapter 9.79 RCW. See former ch. 9.79 RCW (1976).
¶41 In 1979, the legislature recodified the three statutory rape provisions, moving them from Title 9 RCW to Title 9A RCW. See Laws of 1979, 1st Ex. Sess., ch. 244, §§ 17-18; see also former RCW 9A.44.070, .080, .090 (1979). The legislature changed the language classifying the offenses, but otherwise left them the same. See Laws of 1979, 1st Ex. Sess., ch. 244, §§ 4-6.
¶42 In 1988, the legislature repealed the provisions defining the three degrees of statutory rape, and replaced them with three degrees of the crime of rape of a child, RCW 9A.44.073, .076, and .079. See Laws of 1988, ch. 145, §§ 2-4, 24. The final legislative report described the changes to the statute as follows: “The crimes of statutory rape are renamed, moved up one level in the SRA’s [Sentencing Reform Act of 1981, chapter 9.94A RCW] sentencing grid and modified with respect to the ages of victims and offenders. . . . Statutory rape is renamed ‘rape of a child.’ ” Final Legislative Report, 50th Leg., at 24-25 (Wash. 1988) (Substitute H.B. 1333).
¶43 RCW 9A.44.076(1) defines the current crime of second degree rape of a child:
A person is guilty of rape of a child in the second degree when the person has sexual intercourse with another who is at least *858 twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.
2. Background of Washington’s sex offender registration statute
¶44 In 1990, the legislature passed the “Community Protection Act,” which required any resident who had been convicted of a “sex offense” to register. Laws of 1990, ch. 3, § 402(1); former RCW 9A.44.130(1) (1990). It defined a “sex offense” as any offense defined as a “sex offense” in the SRA. See Laws of 1990, ch. 3, § 402(5). The SRA defined a “sex offense” in relevant part as “[a] felony that is a violation of chapter 9A.44 RCW.” Former RCW 9.94A.030(29)(a) (1990). The registration requirement applied to crimes committed after the effective date of the statute and also applied retroactively for offenders who were incarcerated or under supervision when the statute became effective. See Final Legislative Report, 51st Leg., at 143 (Wash. 1990) (Second Substitute S.B. 6259).
¶45 In 1999, the “Sentencing Guidelines Commission” recommended technical corrections for the criminal code to the legislature. S.B. Rep. on H.B. 1544, at 1, 56th Leg., Reg. Sess. (Wash. 1999). One of the recommendations was to amend the definition of “sex offense” in the SRA. Id. at 2. The legislature amended the definition to add that “sex offense” also meant “[a]ny conviction for a felony offense in effect at any time prior to July 1, 1976, that is comparable to a felony classified as a sex offense in (a) of this subsection.” Laws of 1999, ch. 352, § 8(33)(b).
3. The Taylor and Wheeler cases
¶46 In Taylor, Division One considered whether a person has a duty to register when he or she has previously been convicted for violating the repealed statutory rape provisions. Taylor, 162 Wn. App. at 794-800. In 1988, Homer Taylor pleaded guilty to third degree statutory rape under *859 former RCW 9A.44.090 (1979). Taylor, 162 Wn. App. at 793-94. As discussed above, the legislature then repealed that statute later that year. Id. at 795-96. In 2009, the State charged Mr. Taylor with failure to register as a sex offender, listing his predicate offense as the 1988 statutory rape conviction. Id. at 794 n. 1. The trial court found him guilty as charged. Id. at 794.
¶47 The Taylor court reversed Mr. Taylor’s conviction for failure to register, holding that he was not required to register because his 1988 statutory rape conviction was not a “sex offense” for which the SRA required registration. Id. at 800. The court reasoned that the plain language of former RCW 9.94A.030(46)(a)(i) (2008) applied only to sex offenses currently listed in chapter 9A.44 RCW. Id. at 799.
¶48 The court then acknowledged that the 1999 amendment extended the registration requirement to individuals who had convictions for any comparable felony offense that existed prior to July 1, 1976. Id. Importantly, the Taylor court assumed the legislature enacted the third degree statutory rape statute in 1979. Id. Under this assumption, the court reasoned that the legislature failed to extend the registration requirement to statutory rape convictions. Id. The court concluded this resulted in a legislative “gap.” Id. Recognizing this gap was likely inadvertent, the court nevertheless declined to fill the gap in the absence of legislative authority. Id.
¶49 In Wheeler, Division Two considered the exact same issues from Taylor, but in the context of a personal restraint petition (PRP). Wheeler, 188 Wn. App. 613. In 1985, Michael Wheeler was convicted of third degree statutory rape. Id. at 616. In 2000, he pleaded guilty to failure to register, with his statutory rape conviction as the predicate offense. Id. In 2013, he moved to withdraw his guilty plea, arguing that under Taylor his failure to register conviction was unlawful. Id. The trial court transferred the case to the Court of Appeals for consideration as a PRP. Id.
*860 ¶50 The State asked Division Two to disagree with Taylor. Id. at 619. It argued the Taylor court relied on an improper interpretation of the word “is” in the sex offense definition. Id. It further argued that it was more reasonable to read the word “is” broadly and conclude that the legislature intended that any crime that was at any time included in chapter 9A.44 RCW “is” a sex offense. Id. at 619-20. The State cited the policy statement underlying the registration statute, which notes the high risk of reoffense that sex offenders pose and the need to assist local law enforcement agencies in protecting their communities. Id. at 620 (citing Laws of 1990, ch. 3, § 401).
¶51 The Wheeler court rejected these arguments. Id. at 620-21. It also reasoned the 1999 amendment “shows the legislature’s ability to tailor the definition to include offenses other than those currently classified as sex offenses under the [SRA].” Id. at 620. The court further reasoned that despite Division One’s holding in Taylor, the legislature had not amended the sex offense definition to include repealed felonies. Id. at 621.
4. Persons convicted of statutory rape are required to register as sex offenders
¶52 In June 1988, Mr. Arnold pleaded guilty to second degree statutory rape. In addition to five previous times, Mr. Arnold failed to register as a sex offender between May 2013 and October 2013. The State charged Mr. Arnold with failure to register based on his 1988 second degree statutory rape conviction. Although the legislature repealed the statutory rape provisions, its 1999 amendment made it possible for repealed felonies to still constitute “sex offenses” triggering the registration requirement. Under this amendment, Mr. Arnold would be required to register if he had “[a]ny conviction for a felony offense in effect at any time prior to July 1, 1976, that is comparable to a felony classified as a sex offense in (a) of this subsection.” RCW 9.94A.030(47)(b).
*861 ¶53 The Taylor court assumed that the statutory rape laws were enacted in 1979. Given this assumption, the Taylor court determined statutory rape convictions fell into a “gap” in the registration requirement between convictions for offenses in effect prior to 1976 and convictions for felonies that are current violations of chapter 9A.44 RCW. However, this “gap” does not exist. This is because Washington’s statutory rape laws went into effect in September 1975, not 1979. See Laws of 1975, at ii. Because the legislature enacted the statutory rape provisions in 1975, Mr. Arnold’s second degree statutory rape conviction meets the first requirement of subsection (b)—it was a “felony offense in effect. . . prior to July 1, 1976.” RCW 9.94A.030(47)(b).
¶54 The second requirement for subsection (b) is that the former felony offense be comparable to a current felony classified as a sex offense. Here, second degree statutory rape is most comparable to second degree rape of a child, codified at RCW 9A.44.076(1). I note there are a couple differences between second degree statutory rape and second degree rape of a child, both quoted above. For instance, the span of the victim’s age is somewhat different, and second degree rape of a child includes a requirement that the perpetrator be 36 months older than the victim.
¶55 I would nevertheless conclude that all statutory rape and child rape offenses are comparable for purposes of RCW 9.94A.030(47)(b). First, these offenses separate child rape offenses into three distinct categories based on the age of the child. Second, these offenses criminalize the same type of deviant conduct.
¶56 Third, RCW 9.94A.030(47)(b) must mean something. Many felony sex offenses in effect prior to July 1, 1976 lack modern counterparts and are therefore not comparable to a current felony classified as a sex offense.[8] Those that have *862 modern counterparts are rape, statutory rape, incest, and indecent liberties.[9] Of these, all but statutory rape were already classified as sex offenses in the SRA prior to the 1999 amendment.[10] Therefore, the only purpose for the legislature to add RCW 9.94A.030(47)(b) would be to include statutory rape offenses in the definition of “sex offense.”
¶57 I would conclude that Mr. Arnold’s conviction for second degree statutory rape is comparable to today’s second degree child rape, and that Mr. Arnold is required to register as a sex offender. For this reason, I would dismiss his PRP.
B. Not requiring persons convicted of statutory rape to REGISTER AS SEX OFFENDERS IS HARMFUL
¶58 I need look no further than a legislative pronouncement to conclude that unregistered sex offenders pose clear harm to the people of our state:
The legislature finds that sex offenders often pose a high risk of reoffense, and that law enforcement’s efforts to protect their communities, conduct investigations, and quickly apprehend offenders who commit sex offenses, are impaired by the lack of information available to law enforcement agencies about convicted sex offenders who live within the law enforcement agency’s jurisdiction. Therefore, this state’s policy is to assist local law enforcement agencies’ efforts to protect their communities by regulating sex offenders by requiring sex offenders to register with local law enforcement agencies ....
Laws of 1990, ch. 3, § 401.
¶59 Because of Taylor and Wheeler, persons convicted of raping children before July 1988 are not required to register as sex offenders. The clear error in Taylor and Wheeler *863 puts children in our state at a heightened risk and is thus clearly harmful. The majority’s determination that Taylor and Wheeler are not harmful stands in contrast to the legislature’s determination.
¶60 Not only do I invite our Supreme Court to address whether Taylor and Wheeler are incorrect, but I invite the Supreme Court to clarify the role of stare decisis in the Court of Appeals. As stated by Thomas Jefferson, “[A] little rebellion now and then is a good thing.” Letter from Thomas Jefferson to James Madison (Jan. 30, 1787), in 5 The Works of Thomas Jefferson 256 (Paul Leicester Ford ed., fed. ed. 1904). The Court of Appeals should not be hampered if one panel aspires to correct a rule that is clearly wrong. Through such a disagreement, the Supreme Court can weigh the merits of the conflict and determine the correct rule.
Review granted at 189 Wn.2d 1023 (2017).

 State v. Taylor, 162 Wn. App. 791, 259 P.3d 289 (2011).

 In re Pers. Restraint of Wheeler, 188 Wn. App. 613, 354 P.3d 950 (2015).

 See former RCW 9.79.040 (1973) (compelling a person to marry); former RCW 9.79.050 (1973) (abduction); former RCW 9.79.060 (1973) (placing persons in house of prostitution); former RCW 9.79.070 (1973) (seduction); former RCW 9.79.100 (1937) (sodomy); former RCW 9.79.110 (1917) (adultery).

 See former ch. 9.79 RCW (1975) (rape; statutory rape); former RCW 9A.88.100 (1975) (indecent liberties); former RCW 9A.64.020 (1975) (incest).

 See former RCW 9.94A.030(33)(a) (1998) (defining “sex offense’’ as a “felony that is a violation of chapter 9A.44 RCW or RCW 9A.64.020’’); former ch. 9A.44 RCW (1998) (rape; indecent liberties); former RCW 9A.64.020 (1985) (incest).