[No. 66965-6-I.   Division One.   July 25, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. HOMER CONNELL TAYLOR III, *Appellant*.

---

[18] 155 Wn. App. 479, 230 P.3d 608, *rev'd in part on other grounds*, 170 Wn.2d 577, 245 P.3d 764 (2010).

[19] *Advocates*, 170 Wn.2d 577.

*Jodi R. Backlund* and *Manek R. Mistry* (of *Backlund & Mistry*), for appellant.

*H. Steward Menefee, Prosecuting Attorney*, and *Katherine L. Svoboda, Deputy*, for respondent.

¶1 APPELWICK, J. — Taylor appeals his conviction for failure to register as a sex offender. He argues that the State could not require him to register because his conviction was not a sex offense for which the legislature required registration. We agree and reverse.

## FACTS

¶2 In 1988, Homer Taylor III pleaded guilty to statutory rape in the third degree in violation of former RCW 9A.44-

.090 (1979), repealed by LAWS OF 1988, ch. 145, § 24. Taylor admitted the facts as charged in the information, which stated:

> That the said, Homer Taylor, III, in Grays Harbor County, Washington, on or about October 16, 1982, being over the age of 18 years, engaged in sexual intercourse with another person, not his wife, said other person being under the age of 16 years.

¶3 In August 2009, Taylor was charged with failure to register as a sex offender contrary to former RCW 9A.44.130 (2006).[1] At a bench trial in February 2010, the trial court found Taylor guilty and sentenced him to a standard range sentence of 43 months in prison. Taylor appeals.[2]

## DISCUSSION

¶4 Taylor allegedly failed to register on July 8, 2009. At the time of Taylor's offense, the controlling statute, former RCW 9A.44.130(1)(a), provided that "[a]ny adult or juvenile residing . . . in this state who has been found to have committed or has been convicted of any sex offense . . . shall register with the county sheriff." Subsection (10)(a) of that statute defined "sex offense" as:

> (i) Any offense defined as a sex offense by RCW 9.94A.030;
>
> (ii) Any violation under RCW 9A.44.096 (sexual misconduct with a minor in the second degree);
>
> (iii) Any violation under RCW 9.68A.090 (communication with a minor for immoral purposes);
>
> (iv) Any federal or out-of-state conviction for an offense that under the laws of this state would be classified as a sex offense under this subsection; and

---

[1] The information alleged that Taylor was required to register both because of his conviction for statutory rape and a conviction for attempted sex abuse in 1987 in Coos County, Oregon. But, the State relied on only the Washington statutory rape in the third degree conviction at trial. We therefore limit our analysis to that conviction and look solely to whether it meets the definition of "sex offense."

[2] We note that Taylor has prior convictions for failure to register. Taylor has sought no relief from those prior convictions here.

(v) Any gross misdemeanor that is, under chapter 9A.28 RCW, a criminal attempt, criminal solicitation, or criminal conspiracy to commit an offense that is classified as a sex offense under RCW 9.94A.030 or this subsection.

Former RCW 9A.44.130. Subsection (10)(a)(i) refers to the Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW, for the definition of "sex offense." Former RCW 9A.44.130. That section defined "sex offense" as:

(a)(i) A felony that is a violation of chapter 9A.44 RCW other than RCW 9A.44.130(12);

(ii) A violation of RCW 9A.64.020;

(iii) A felony that is a violation of chapter 9.68A RCW other than RCW 9.68A.080; or

(iv) A felony that is, under chapter 9A.28 RCW, a criminal attempt, criminal solicitation, or criminal conspiracy to commit such crimes;

(b) Any conviction for a felony offense in effect at any time prior to July 1, 1976, that is comparable to a felony classified as a sex offense in (a) of this subsection;

(c) A felony with a finding of sexual motivation under RCW 9.94A.835 or 13.40.135; or

(d) Any federal or out-of-state conviction for an offense that under the laws of this state would be a felony classified as a sex offense under (a) of this subsection.

Former RCW 9.94A.030(46) (LAWS OF 2008, ch. 276, § 309).

¶5 The relevant portion of the SRA's definition is former RCW 9.94A.030(42)(a)(i), which defines "sex offense" in part as a felony that "is" a violation of the SRA. Taylor's crime of conviction was a felony, third degree statutory rape, contrary to former RCW 9A.44.090.[3] That section was

---

[3] Former RCW 9A.44.090(1) stated:

A person over eighteen years of age is guilty of statutory rape in the third degree when such person engages in sexual intercourse with another person, not married to the perpetrator, who is fourteen years of age or older but less than sixteen years old.

repealed in 1988.[4] LAWS OF 1988, ch. 145, § 24. Taylor contends that his prior conviction under a repealed statute does not meet the SRA's definition of "sex offense" because it is not currently a violation of chapter 9A.44 RCW.

¶6 Taylor did not raise this issue at trial. The State did not object when Taylor raised this new argument on appeal. Generally, we will not consider issues raised for the first time on appeal. RAP 2.5(a); *State v. McFarland*, 127 Wn.2d 322, 332-33, 899 P.2d 1251 (1995). One exception to this general rule is for a manifest error affecting a constitutional right. RAP 2.5(a)(3); *McFarland*, 127 Wn.2d at 333. Due process requires a criminal defendant be convicted only when every element of the charged crime is proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). If Taylor was not convicted of a sex offense under the registration statute, then the State failed to prove every element of the crime of failure to register. It is therefore appropriate under RAP 2.5(a)(3) for this court to review Taylor's new argument that his conviction for statutory rape in the third degree did not constitute a sex offense.

---

[4] The legislature replaced the provisions defining three degrees of statutory rape, former RCW 9A.44.070, .080, and .090, with three degrees of the crime of rape of a child, RCW 9A.44.073, .076, and .079. *See State v. Stockwell*, 159 Wn.2d 394, 397-98 & n.3, 150 P.3d 82 (2007); *State v. Smith*, 122 Wn. App. 294, 298 n.1, 93 P.3d 206 (2004). RCW 9A.44.079(1) defines the current crime of rape of a child in the third degree:

A person is guilty of rape of a child in the third degree when the person has sexual intercourse with another who is at least fourteen years old but less than sixteen years old and not married to the perpetrator and the perpetrator is at least forty-eight months older than the victim.

The new crime added to the prior crime of third degree statutory rape the element that that the perpetrator be at least 48 months older than the victim. *Compare* RCW 9A.44.079, *with* former RCW 9A.44.090. Because of the addition of specific age differences for victim and offender, the new statute was not coextensive with the repealed statute. We note that the Final Legislative Report described the change as renaming the offense: "The crimes of statutory rape are renamed, moved up one level in the SRA's sentencing grid and modified with respect to the ages of victims and offenders.... Statutory rape is renamed 'rape of a child.' " 1988 FINAL LEGISLATIVE REPORT, 50th Wash. Leg., at 24-25. The Supreme Court has described the repeal of the statutory rape provision and passage of the rape of the child provision as a "recodification." *See State v. Markle*, 118 Wn.2d 424, 430-31, 823 P.2d 1101 (1992).

■■ ¶7 We review issues of statutory interpretation de novo. *State v. Alvarado*, 164 Wn.2d 556, 561, 192 P.3d 345 (2008). Our purpose when interpreting a statute is to determine and enforce the intent of the legislature. *Id.* at 561-62. Where the meaning of statutory language is plain on its face, we must give effect to that plain meaning as an expression of legislative intent. *Id.* at 562. In discerning the plain meaning of a provision, we consider the entire statute in which the provision is found, as well as related statutes or other provisions in the same act that disclose legislative intent. *Id.*

¶8 The requirement for sex offender registration, part of the community protection act of 1990, became effective February 28, 1990. LAWS OF 1990, ch. 3, § 401; RCW 18.155.902(1). Former RCW 9A.44.130 (1990) defined "sex offense" as any offense defined as a sex offense by RCW 9.94A.030:

> (a) Committed on or after [February 28, 1990]; or
>
> (b) Committed prior to [February 28, 1990], if the person, as a result of the offense, is under the custody or active supervision of the department of corrections or the department of social and health services on or after [February 28, 1990].

LAWS OF 1990, ch. 3, § 402(5). That statute was generally prospective with only limited retroactivity for sex offenders in custody at the time the registration requirement became effective. *Id.*; *see also* 1990 FINAL LEGISLATIVE REPORT, 51st Wash. Leg., at 143 ("Registration applies to persons who commit sex offenses after the effective date of this provision. These provisions apply retroactively if the offender is currently under the custody or supervision of the Department of Corrections or the Department of Social and Health Services.").

¶9 In 1991, the legislature amended former RCW 9A.44.130 to clarify and amend the deadlines for sex offenders to register. LAWS OF 1991, ch. 274, § 2. The legislature removed the references to the date the crime was committed, leaving the definition of "sex offense" as "any

offense defined as a sex offense by RCW 9.94A.030."[5] LAWS OF 1991, ch. 274, § 2. However, the final legislative report for the bill indicates that the legislature still intended the registration requirement to be prospective only with a limited exception:

> The duty to register applies to sex offenders who commit sex offenses on or after February 28, 1990. The duty to register also applies to a sex offender who committed a sex offense prior to February 28, 1990, if on or after that date the offender was under the custody or active supervision of the Department of Corrections or the Department of Social and Health Services as a result of the sex offense.

1991 FINAL LEGISLATIVE REPORT, 52d Wash. Leg., at 140.

¶10 In 1999, the legislature addressed registration for those convicted of crimes that existed prior to the codification of chapter 9A.44 RCW. It amended the definition of "sex offense" in the SRA, former RCW 9.94A.030, to add that "sex offense" also meant "[a]ny conviction for a felony offense in effect at any time prior to July 1, 1976, that is comparable to a felony classified as a sex offense in (a) of this subsection." LAWS OF 1999, ch. 352, § 8. The stated purpose of the bill was to make corrections to sentencing laws at the request of the Sentencing Guidelines Commission. 1999 FINAL LEGISLATIVE REPORT, 56th Wash. Leg., at 77. This legislative action is consistent with a view that the language of the statute did not apply the duty to register to crimes not presently listed in chapter 9A.44 RCW.

---

[5] The date restrictions were replaced with registration deadlines. For example, the amendment set out instructions for registration for a sex offender in custody who, regardless of when the offender committed the crime, was in custody on or after February 28, 1990, the effective date of the act. LAWS OF 1991, ch. 274, § 2. Similar provisions were laid out for sex offenders not in custody but who were under the jurisdiction or supervision of the State, sex offenders who were convicted of a sex offense on or after February 28, 1990, but not confined, and sex offenders who were new residents or returning Washington residents who committed a sex offense on or after February 28, 1990. *Id.* At the same time, the amendment clarified, "The deadlines for the duty to register under this section do not relieve any sex offender of the duty to register under this section as it existed prior to the effective date of this act." *Id.*

■ ■ ¶11 The plain language of former RCW 9.94A-.030(46)(a)(i) applied only to sex offenses currently listed in chapter 9A.44 RCW. The 1999 amendment extended the registration requirement to any conviction for a felony offense before July 1, 1976, that is comparable to a current sex offense. Former RCW 9.94A.030(46)(b). But, there is no provision, comparable to what was done for the pre-1976 convictions, for offenses listed in chapter 9A.44 RCW that existed after 1976 but were subsequently repealed.[6] The language of the SRA's definition resulted in a gap. Filling this gap would require us to read words into the statute to make it applicable to any felony that is "or was at the time of the offense" a violation of chapter 9A.44 RCW. It is highly likely this gap was inadvertent rather than intentional. Regardless, we may not fill such a gap without legislative authority. *See State v. S.M.H.*, 76 Wn. App. 550, 558-59, 887 P.2d 903 (1995).

¶12 The State argues that the legislature expressly excluded certain crimes and could have excluded repealed sections of chapter 9A.44 RCW if it so intended. The State notes that the legislature expressly excluded the crime of failure to register as a felony that could serve as a predicate for the duty to register. *See* former RCW 9.94A.030(46)(a)(i) (defining "sex offense" as "[a] felony that is a violation of chapter 9A.44 RCW other than RCW 9A.44.130(12)"). Generally, under the canon of statutory construction *expressio*

---

[6] In other provisions of the SRA, the legislature included prior convictions under repealed statutes in definitions. *See, e.g.*, RCW 9.94A.030(31)(u) (defining "most serious offense" as "[a]ny felony offense in effect at any time prior to December 2, 1993, that is comparable to a most serious offense under this subsection"); RCW 9.94A.030(31)(v) (defining "most serious offense" as "(i) A prior conviction for indecent liberties under **RCW 9A.88.100(1) [recodified as RCW 9A.44.100 pursuant to Laws of 1979, 1st Ex. Sess., ch. 244, § 17] (a), (b), and (c), chapter 260, Laws of 1975 1st ex. sess. as it existed until July 1, 1979, RCW 9A.44.100(1) (a), (b), and (c) as it existed from July 1, 1979, until June 11, 1986, and RCW 9A.44.100(1) (a), (b), and (d) as it existed from June 11, 1986, until July 1, 1988" and "(ii) A prior conviction for indecent liberties under RCW 9A.44.100(1)(c) as it existed from June 11, 1986, until July 1, 1988, if: (A) The crime was committed against a child under the age of fourteen; or (B) the relationship between the victim and perpetrator is included in the definition of indecent liberties under RCW 9A.44.100(1)(c) as it existed from July 1, 1988, through July 27, 1997, or RCW 9A.44.100(1) (d) or (e) as it existed from July 25, 1993, through July 27, 1997").

*unius est exclusio alterius*, to express one thing in a statute implies the exclusion of the other. *In re Det. of Williams*, 147 Wn.2d 476, 491, 55 P.3d 597 (2002). But, the provision cited by the State is limited to those crimes currently listed in chapter 9A.44 RCW. *See* former RCW 9.94A.030(46)(a)(i). The express exclusion of one current crime does not imply that the legislature did not intend to exclude other crimes not currently listed in the statute. Also, while it is necessary to exempt the crime of failure to register from serving as a basis for the duty to register for purposes of fairness, other offenses would not suffer the same infirmity. Therefore, application of the *expressio unius* canon is not appropriate in this case.

¶13 We hold that the plain language of the statute does not define Taylor's conviction as a "sex offense."

██ ██ ¶14 The State argues that the savings clause mandates that Taylor's conviction must qualify as a sex offense because it would have met the definition of "sex offense" at the time of his conviction. The savings clause under the general provisions chapter states:

> No offense committed and no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, unless a contrary intention is expressly declared in the repealing act . . . . Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act.

RCW 10.01.040. The savings clause applies to all repealed criminal statutes. *State v. Fenter*, 89 Wn.2d 57, 61, 569 P.2d 67 (1977). The State also relies on the language of former RCW 9A.44.090's repealing act, which stated, "This act shall not have the effect of terminating or in any way modifying any liability, civil or criminal, which is already in existence on July 1, 1988." LAWS OF 1988, ch. 145, § 25.

¶15 But, first, the savings clause cannot "save" any penalty arising from Taylor's conviction relating to an obligation to register because the requirement that sex offenders register did not come into existence until after the repeal of the statute under which he was convicted. Second, the duty to register is not a penalty, forfeiture, or liability, but a collateral consequence of conviction. *See State v. Ward*, 123 Wn.2d 488, 495, 502, 869 P.2d 1062 (1994) (holding that the registration statute's requirement to register as a sex offender did not constitute punishment and therefore did not violate ex post facto prohibitions when it was applied retroactively to Ward's conviction for first degree statutory rape). We hold that the savings clause does not permit the State to impose on Taylor a requirement to register under this statute.

¶16 The legislative scheme for sex offender registration does not apply to crimes repealed after July 1, 1976. Taylor's crime of conviction is no longer listed in the provision of the SRA defining "sex offense." We are not empowered to add words to the statute to fix that gap.

¶17 We reverse.

GROSSE and BECKER, JJ., concur.