# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75424-6-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| CHRISTOPHER LAMBERT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: September 18, 2017 |

SPEARMAN, J. — Where an offender has been convicted of an offense that is a crime against a person, the record of that conviction may not be vacated. Christopher Lambert appeals the trial court's denial of his motion to vacate the record of his conviction. But because he was convicted of a crime against a person, there was no error. We affirm.

## FACTS

In 1986, when Lambert was nineteen years old, he was charged with third degree statutory rape. The charge was based on an incident involving a victim fifty-five months younger than Lambert. Lambert pleaded guilty as charged.

Lambert was sentenced in May 1987. The law at that time provided that the record of conviction for statutory rape could be vacated, in the trial court's discretion, after the offender satisfied his sentence and completed five years after discharge without a new conviction. Former RCW 9.94A.230(2) (1981), recodifed

as RCW 9.94A.640 LAWS OF 2001, CH. 10, § 6. In July 1987, however, the law concerning vacation of the record of conviction was amended. LAWS OF 1987, CH. 486, § 7(b)(2). Under the new law, statutory rape in the third degree was defined as a crime against persons that could not be vacated. Former RCW 9.94A.230(2)(c) (1987); former RCW 43.43.830(6) (1987).

In 1988, the legislature enacted broad changes to the criminal code concerning sex offenses. LAWS OF 1988, CH. 145. The sections defining statutory rape in each degree were replaced with provisions defining three degrees of rape of a child. Id. at § 2, § 12. Rape of a child replaced statutory rape in the list of crimes against persons that could not be vacated. Id. at §12.

In 2016, Lambert moved to vacate the record of his conviction. He argued that the 1988 amendments did not apply retroactively and the trial court thus had discretion to vacate the record of conviction for his offense, third degree statutory rape. The trial court ruled that Lambert was "not eligible to have his conviction vacated because statutory rape 3 (rape of a child third degree) is a crime against a person." Clerks Papers (CP) at 1. He appeals.

## DISCUSSION

The issue in this case is whether statutory rape in the third degree is a crime against a person that may not be vacated. Lambert contends, as a matter of statutory interpretation, that it is not.

We review questions of statutory interpretation de novo. State v. Taylor, 162 Wn. App. 791, 797, 259 P.3d 289 (2011) (citing State v. Alvarado, 164 Wn.2d 556, 561, 192 P.3d 345 (2008)). Our purpose is to discern and implement

2

the intent of the legislature. Id. Where the meaning of a statute is plain, we must give effect to that meaning. Id. We discern the plain meaning by considering the statute in its entirety along with related statutory provisions. Id.

The parties' arguments concern the statutory amendments enacted in 1987 and 1988. The July 1987 amendment prohibited vacating the record of conviction where the offense was a "crime against persons." Former RCW 9.94A.230(2)(c). The legislature defined crimes against persons to include "first, second, or third degree statutory rape; . . . or any of these crimes as they may be renamed in the future." Former RCW 43.43.830(6).

In 1988, the legislature replaced the three degrees of statutory rape with three degrees of rape of a child. LAWS OF 1988, CH. 145, §2; see Taylor, 162 Wn. App. at 796 n. 4. The statute defining crimes against persons was correspondingly amended to list the three degrees of rape of a child in place of statutory rape in each degree. LAWS OF 1988, CH. 145, § 12. The statute as amended did not expressly encompass crimes that had been renamed, but it retained the provision stating that it applied to any of the listed crimes "as they may be renamed in the future." Id.

The 1988 amendment changed the requirement concerning the perpetrator's age. Under the former statute, a person was guilty of statutory rape in the third degree when he or she was over eighteen years of age and engaged in sexual intercourse with a person between fourteen and sixteen years of age. Former 9.94A.090 (1979). A person is guilty of third degree rape of a child when he or she has sexual intercourse with a person who is between fourteen and

sixteen years old and the perpetrator is at least forty eight months older than the victim. RCW 9A.44.079.

Lambert contends that the prohibition on vacating a conviction for third degree rape of a child does not apply to third degree statutory rape. He also asserts that the State did not prove each element of third degree rape of a child, and the trial court thus erred in "recodifying" his statutory rape conviction as a conviction for rape of a child. Brief of Appellant at 1-2.

The State argues that the legislature designated statutory rape as a crime that may not be vacated and the prohibition applies to that offense as renamed in the 1988 amendments. In addition, the State points out that Lambert's guilty plea establishes each element of third degree rape of a child.

We agree with the State. The legislature expressly designated statutory rape in the third degree, and that crime as it "may be renamed in the future," as a non-vacatable crime against a person. Former RCW 43.43.830(6). Rape of a child in the third degree criminalizes the same essential conduct as third degree statutory rape: engaging in sexual intercourse with a person between fourteen and sixteen years of age. The offenses differ in replacing the requirement that the offender be at least eighteen years old with the requirement that the offender be at least forty eight months older than the victim. Rape of a child is expressly defined as a crime against persons. It appears that the 1988 amendments renamed statutory rape and retained the prohibition on vacating the record of conviction for that offense.

But, if there is ambiguity as to whether the amendment renamed statutory rape, we may be guided by legislative history. Honeycutt v. Dep't of Labor & Indus., 197 Wn. App. 707, 716, 389 P.3d 773 (2017) (citing Bostain v. Food Express. Inc., 159 Wn.2d 700, 708, 153 P.3d 846 (2007). In discussing the former statutory rape provisions, we noted in Taylor that the legislature described the 1988 changes as "renaming." Taylor, 162 Wn. App. at 796 n. 4 (citing 1988 FINAL LEGISLATIVE REPORT, 50TH WASH. LEG., at 24-25). We quoted the legislative report, which declared that "'[t]he crimes of statutory rape are renamed, moved up one level in the SRA's sentencing grid and modified with respect to the ages of victims and offenders. . . . Statutory rape is renamed 'rape of a child.'" Id. The legislature unambiguously expressed the intent to rename statutory rape. We conclude that where, as here, an offender was convicted of statutory rape, and the facts proved establish each element of that offense as amended and renamed, the prohibition on vacating the record of conviction remains in effect.

We need not decide whether the prohibition would apply if the State had not proved each element of the statute as amended because, in this case, Lambert's guilty plea establishes each element of third degree rape of a child. Lambert pleaded guilty to engaging in sexual intercourse with a fourteen year old girl when he was eighteen years old. In his statement on plea of guilty, he agreed that the court could consider the certification for determination of probable cause to establish a factual basis for the plea. Because that document shows Lambert's birthday was March 9, 1967 and the victim's birthday was October 6, 1971, it is established as a matter of fact that Lambert was at least 48 months older than

his victim. In addition, Lambert concedes that he was fifty-five months older than his victim. It is beyond dispute that the State established each element of rape of a child in the third degree.

However, Lambert asserts that, unlike rape of a child in the third degree, his offense was not defined as a sex offense. He contends that the 1988 amendments only apply to sex offenses and, therefore, do not apply to his offense. He relies on our opinion in Taylor. His reliance is misplaced.

In Taylor, we examined the failure to register statute, one element of which was a prior conviction of a sex offense. Taylor, 162 Wn. App. at 794. At issue was whether Taylor's 1988 conviction for statutory rape in the third degree was a "sex offense" within the statutory meaning. Id. at 795-96. Based on the plain language of the statute, we held that "sex offense" encompassed only offenses that were currently listed in chapter 9A.44 RCW and pre-1976 convictions for a felony comparable to a current sex offense. Id. at 799. Because the statute did not encompass offenses listed in chapter 9A.44 that existed after 1976 but were subsequently repealed, we concluded that Taylor's conviction was not within the statutory definition of "sex offense." Id.

Taylor has no bearing on this case. The question in this appeal is not whether statutory rape in the third degree is a sex offense, but whether it is a crime against a person. We reject Lambert's argument.

Finally, Lambert asserts that, at the time he pleaded guilty, third degree statutory rape was a vacatable offense. Lambert thus appears to assert that he

had a vested right in being able to vacate his conviction.[1] This argument is without merit.

A vested right is not established merely because a person anticipates the continuance of existing law. In re Carrier, 173 Wn.2d 791, 811, 272 P.3d 209 (2012) (citing State v. T.K., 139 Wn.2d 320, 323-24, 987 P.2d 63 (1999), superseded by statute, LAWS OF 2001, CH. 49, § 1). Rather, it requires an immediate right or a "present fixed right of future enjoyment." Id. (quoting Gillis v. King County, 42 Wn.2d 373, 377, 255 P.2d 546 (1953) (internal quotations omitted). For example, where a defendant had satisfied all statutory conditions for sealing his juvenile court records prior to a change in law, the new law could not retroactively require the defendant to satisfy stricter conditions. Id. (citing T.K., 139 Wn.2d at 334-35).

In this case, Lambert pleaded guilty in January 1987 and was discharged in 1989. He was not eligible to have the record of his conviction vacated until he completed at least five conviction-free years after discharge. Former RCW 9.94A.230(2)(b) (1981). The statute that prohibited vacating the record of conviction for statutory rape in the third degree took effect in July 1987. Former RCW 9.94A.230(2)(c) (1987). Lambert had not satisfied all statutory conditions for vacating his sentence before the change in law took place. He had no vested right.

---

[1] Lambert also contends that, had he known of the possibility that he could never vacate his conviction, he may not have entered a guilty plea. Thus, he appears to suggest that he should be allowed to withdraw his guilty plea. Lambert cites to nothing in the record supporting his assertion that he may not have pleaded guilty, but even if he had, the matter is not properly before us because he did not raise this issue below. RAP 2.5.

No. 75424-6-I/8

Affirmed.

WE CONCUR:

_Spearman, J._

_Schindler, J_

_Cox, J._

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 SEP 18 AM 9:39

8