IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 35953-1-III |
| | ) | (consolidated with |
| ROGER MICHAEL HAWLEY, | ) | No. 35954-9-III) |
| | ) | |
| Petitioner. | ) | UNPUBLISHED OPINION |
| | ) | |

LAWRENCE-BERREY, C.J. — Roger Hawley seeks relief from personal restraint in the form of vacating his 1998 and 2002 convictions for failure to register as a sex offender. In his motions to vacate, Hawley relied on this court's decision in *Arnold*.[1] The Washington Supreme Court subsequently reversed that decision.[2] Hawley also asks this court to find he no longer has a continuing duty to register as a sex offender. In light of our high court's precedent, we vacate Hawley's 1998 conviction, but dismiss his petition for relief from the 2002 conviction.

FACTS

On September 15, 1987, Roger Hawley pleaded guilty to statutory rape in the first degree under former RCW 9A.44.070(1) (1979). In 1988, the legislature repealed the

---

[1] *In re Pers. Restraint of Arnold*, 198 Wn. App. 842, 396 P.3d 375 (2017), *rev'd*, 190 Wn.2d 136, 410 P.3d 1133 (2018).

[2] *In re Pers. Restraint of Arnold*, 190 Wn.2d 136, 410 P.3d 1133 (2018).

statute criminalizing statutory rape in the first degree and replaced it with RCW 9A.44.073, which criminalized rape of a child in the first degree. LAWS OF 1988, ch. 145, § 2.

In 1990, the legislature enacted RCW 9A.44.130, which required individuals convicted of certain "sex offenses" to register as sex offenders. LAWS OF 1990, ch. 3, § 402.

On June 8, 1998, Hawley pleaded guilty to failure to register as a sex offender under former RCW 9A.44.130(7) (1997).

In 1999, the legislature changed the definition of "sex offense" to include "[a]ny conviction for a felony offense in effect at any time prior to July 1, 1976, that is comparable to a felony classified as a sex offense in (a) of this subsection." Former RCW 9.94A.030(33)(b) (LAWS OF 1999, ch. 352, § 8).

On October 1, 2002, Hawley pleaded guilty to failure to register as a sex offender under former RCW 9A.44.130(10) (1999).

On April 25, 2017, this court in a split decision followed Divisions One and Two and held that sex offender registration does not apply to convictions under Washington's repealed statutory rape statute. *Arnold*, 198 Wn. App. 842.

On December 12, 2017, Hawley filed CrR 7.8 motions in the trial court to vacate his 1998 and 2002 convictions for failure to register as a sex offender. He contended that under CrR 7.8(4) and (5), there was a significant change in the law that voided the one-

year time limit under CrR 7.8 and RCW 10.73.090 to collaterally attack a judgment and

sentence. *See* RCW 10.73.100(6).

On February 15, 2018, our high court reversed this court's decision in *Arnold*. 190

Wn.2d 136.

On April 6, 2018, the Yakima County Superior Court transferred Hawley's

CrR 7.8 motions to this court for consideration as personal restraint petitions. The

petitions were then consolidated for review. Hawley also asks this court to find that he is

no longer required to register as a sex offender.

## ANALYSIS

### HAWLEY'S 1998 CONVICTION FOR FAILURE TO REGISTER

Hawley contends, and the State concedes, that his 1998 conviction for failure to

register as a sex offender should be vacated. We accept the State's concession and vacate

that conviction.

### HAWLEY'S 2002 CONVICTION FOR FAILURE TO REGISTER AND HAWLEY'S CONTINUING DUTY TO REGISTER

Hawley contends this court should vacate his 2002 conviction for failure to register

as a sex offender and find that he does not have a continuing duty to register. Both

parties argue *Arnold* persuasively for their cause. 190 Wn.2d 136. Therefore, we discuss

that decision in detail.

In 1988, Eddie Arnold pleaded guilty to second degree statutory rape in violation of former RCW 9A.44.080 (1979). *Id.* at 139. Soon after Arnold's guilty plea, the legislature repealed the three statutes criminalizing the three degrees of statutory rape and replaced them with statutes criminalizing three degrees of rape of a child. *Id.*

Then, in 1990, the legislature enacted RCW 9A.44.130, requiring certain persons convicted of sex offenses to register as sex offenders. *Id.*

In 2013, the State charged Arnold with failure to register as a sex offender and first degree trafficking in stolen property. *Id.* at 140. He pleaded guilty to both charges. *Id.* Two weeks after Arnold was sentenced, the Spokane County Sheriff's Office informed Arnold by letter that, because of Division One's decision in *State v. Taylor*, 162 Wn. App. 791, 259 P.3d 289 (2011), he was relieved of his duty to register as a sex offender. *Id.* Arnold moved to withdraw his guilty plea. *Id.* The trial court transferred the motion to this court for consideration as a personal restraint petition. *Id.* A majority of the panel reviewing the petition held that Arnold did not have a duty to register as a sex offender. *Id.* at 140-41. The Supreme Court granted review and reversed. *Id.* at 141, 154.

The court recognized that the State charged Arnold with failure to register as a sex offender under RCW 9A.44.130(1)(a). *Id.* at 141. That statute requires any adult or juvenile residing in the state who had been convicted of a "sex offense" to register as a

4

sex offender. Chapter 9A.44 RCW defines "sex offense," in pertinent part, as "[a]ny

offense defined as a sex offense by RCW 9.94A.030." RCW 9A.44.128(10).

RCW 9.94A.030 states:

"Sex offense" means:
    (a)(i) A felony that is a violation of chapter 9A.44 RCW [sex offenses] other than RCW 9A.44.132 [failure to register as a sex offender or kidnapping offender—failure to provide DNA (deoxyribonucleic acid)]
. . . .
    (b) *Any conviction for a felony offense in effect at any time prior to July 1, 1976, that is comparable to a felony classified as a sex offense in (a) of this subsection.*

*Id.* at 141-42 (alteration in original) (quoting former RCW 9.94A.030(46) (2012).

The Supreme Court began by determining whether Arnold's conviction under

former RCW 9A.44.080 (1979) was a felony under chapter 9A.44 RCW to qualify as a

"sex offense." *Id.* at 142; *see* former RCW 9.94A.030(46)(a)(i) (2012). Chapter 9A.44

RCW did not include Arnold's prior conviction. *Id.* Then, the court moved on to

subsection (b). *Id.*

The court interpreted subsection (b) as containing a two-part inquiry: first, the

court decides whether the prior crime of conviction was in effect prior to July 1, 1976;

and, second, the court determines whether the prior crime of conviction is comparable to

a felony listed under subsection (a). *Id.* at 142-44. The court took a practical approach to

the first inquiry. *Id.* at 142-43. The court found that the exact statute of Arnold's

conviction, former RCW 9A.44.080 (1979), was not in effect prior to July 1, 1976, but was practically identical in wording and elements to former RCW 9.79.210 (1975), which was in effect prior to July 1, 1976.[3] *Id.* The court reasoned: "[t]here is no debate that the elements of these statutes are the same. . . . Simple recodification of the offense number did not change the statute's elements." *Id.* at 143 (footnotes omitted).

The court returned to subsection (a) to decide whether Arnold's conviction under former RCW 9A.44.080 was comparable to a current offense under chapter 9A.44 RCW. *Id.* at 143-45. The court determined comparability by examining the elements of the crimes. *Id.* at 144. The court held that Arnold's conviction under former RCW 9A.44.080 encompassed the same elements as, and was thus comparable to, several "sex offenses" including RCW 9A.44.073 (rape of a child in the first degree), RCW 9A.44.076 (rape of a child in the second degree), RCW 9A.44.079 (rape of a child in the third degree), RCW 9A.44.083 (child molestation in the first degree), RCW 9A.44.086 (child molestation in the second degree), and RCW 9A.44.089 (child molestation in the third

---

[3] Former RCW 9A.44.080 provided in part: "(1) A person over sixteen years of age is guilty of statutory rape in the second degree when such person engages in sexual intercourse with another person, not married to the perpetrator, who is eleven years of age or older, but less than fourteen years old," while former RCW 9.79.210 provided: "(1) A person over sixteen years of age is guilty of statutory rape in the second degree when such person engages in sexual intercourse with another person, not married to the perpetrator, who is eleven years of age or older but less than fourteen years old." *Id.*

degree). *Id.* at 144-45.

The Supreme Court concluded that because the statute under which Arnold was convicted in 1988, former RCW 9A.44.080, was in effect prior to July 1, 1976, and because this conviction was comparable to a current sex offense under former RCW 9.94A.030(46)(a) and chapter 9A.44 RCW, Arnold's conviction met the definition of a "sex offense." *Id.* at 145-47. And because Arnold had a conviction for a "sex offense" he had a duty to register as a sex offender under RCW 9A.44.130(1)(a). *Id.*

*Application of* Arnold *to Hawley*

In 1987, Hawley pleaded guilty to statutory rape in the first degree under former RCW 9A.44.070(1) (1979). In 2002, Hawley pleaded guilty to failure to register as a sex offender. Former RCW 9A.44.130(10) (1999) required an individual to register as a sex offender if they were convicted of a "sex offense." Former RCW 9A.44.130(9)(a)(i) (2001) defined "sex offense" as "[a]ny offense defined as a sex offense by RCW 9.94A.030." Former RCW 9.94A.030(38) (2002) defined "sex offense" as:

> "Sex offense means:
>     (a)(i) A felony that is a violation of chapter 9A.44 RCW other than RCW 9A.44.130(11);
> . . . .
>     (b) Any conviction for a felony offense in effect at any time prior to July 1, 1976, that is comparable to a felony classified as a sex offense in (a) of this subsection;
>     (c) A felony with a finding of sexual motivation under RCW 9.94A.835 or 13.40.135; or

7

(d) Any federal or out-of-state conviction for an offense that under the laws of this state would be a felony classified as a sex offense under (a) of this subsection.

Hawley's 1987 conviction for statutory rape in the first degree under former RCW 9A.44.070(1) does not satisfy subsection (a) because it was not listed as an offense under chapter 9A.44 RCW.  In 1988, the legislature repealed the crime of statutory rape in the first degree along with the other degrees of statutory rape.  *Arnold*, 190 Wn.2d at 139.

We now move to engage in subsection (b)'s two-part inquiry.[4]  Under *Arnold,* the first determination is not merely whether the same codified statute was in effect prior to July 1, 1976, but more practically, whether *a* statute with the same elements was in effect. In 1987, Hawley pleaded guilty to statutory rape in the first degree under former RCW 9A.44.070(1) (1979) which provided:

> A person over thirteen years of age is guilty of statutory rape in the first degree when the person engages in sexual intercourse with another person who is less than eleven years old.

Former RCW 9.79.200(1) (1975) provided:

> A person over thirteen years of age is guilty of statutory rape in the first degree when the person engages in sexual intercourse with another person who is less than eleven years old.

---

[4] The State concedes that subsections (c) and (d) do not apply.  We agree and accept their concession.

"There is no debate that the elements of these statutes are the same. . . . Simple recodification of the offense number did not change the statute's elements." *Arnold*, 190 Wn.2d at 143 (footnotes omitted). We find Hawley's crime of conviction under former RCW 9A.44.070(1) was in effect prior to July 1, 1976.

The second inquiry under subsection (b) requires us to determine whether Hawley's conviction under former RCW 9A.44.070(1) was comparable to a 2002 offense in chapter 9A.44 RCW as required under subsection (a). After examining the elements of Hawley's crime of conviction, we find the elements of that offense were encompassed in numerous sex offenses including, but not limited to, RCW 9A.44.073(1) (rape of a child in the first degree) and RCW 9A.44.083 (child molestation in the first degree).[5]

We, therefore, find the second inquiry satisfied—Hawley's crime of conviction is comparable to an offense under subsection (a). Because Hawley's conviction meets the

---

[5] *Cf.* Former RCW 9A.44.070(1) (1979): "A person over thirteen years of age is guilty of statutory rape in the first degree when the person engages in sexual intercourse with another person who is less than eleven years old," *and* RCW 9A.44.073(1): "A person is guilty of rape of a child in the first degree when the person has sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim," *and* RCW 9A.44.083(1): "A person is guilty of child molestation in the first degree when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." RCW 9A.44.073 remains unchanged from its enactment in 1988. RCW 9A.44.083 was last amended in 1994.

definition of "sex offense" under former RCW 9.94A.030(38)(b) (2002), he was required to register as a sex offender under former RCW 9A.44.130(10) (1999). We therefore dismiss Hawley's petition to vacate his 2002 conviction for failure to register as a sex offender.[6]

Hawley's petitions for relief from personal restraint are granted in part. We vacate the 1998 conviction for failure to register as a sex offender. Hawley's petition for relief from the 2002 conviction is dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.

Fearing, J.

_____

[6] Given our resolution of this issue, it should be readily apparent that Hawley has a continuing duty to register as a sex offender.

10