# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54191-2-II |
| Respondent, | |
| v. | |
| HOMER C. TAYLOR III, | UNPUBLISHED OPINION |

VELJACIC, J. — Homer C. Taylor III appeals the trial court's imposition of a community custody supervision fee after his conviction for failure to register as a sex offender. Taylor asserts that because the court found him indigent, it was prohibited from imposing any discretionary legal financial obligations (LFOs). Taylor also requests that we remand for resentencing in light of the effect of *State v. Blake*[1] on his offender score.

We conclude that RCW 10.01.160 does not prohibit the trial court from imposing the community custody supervision fee, and that Taylor's prior violation of the Uniform Controlled Substance Act (VUCSA) convictions are void under *Blake*. Because it is not clear from the record whether the court would have imposed the same sentence regardless of the change in offender score, we remand for resentencing and reconsideration of the supervision fee.

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

FACTS

In 1983 Taylor was convicted of statutory rape in the third degree under former RCW 9A.44.090 (1979). In 2011, we lifted Taylor's duty to register as a sex offender. *State v. Taylor*, 162 Wn. App. 791, 801, 259 P.3d 289 (2011). In *In re Pers. Restraint of Arnold*, our Supreme Court rejected *Taylor*, resulting in the reinstatement of his obligation to register. 190 Wn.2d 136, 147-48, 410 P.3d 1133 (2018).

In June 2019, the State charged Taylor with failure to register. The court released Taylor following a hearing on July 1, 2019. The conditions of release included registering a current address with the sheriff's office. Taylor completed the form but wrote down an address that did not exist. Subsequently, the State charged Taylor with another count of failure to register under a separate cause number.

After a bench trial on both causes, the court found Taylor guilty. At sentencing, in response to a comment by the defense[2] that the situation was "ludicrous," the court stated:

> Mr. Taylor has eight felony convictions unrelated to failure to register since his 1990 conviction including three in the last 10 years for theft of different types. In addition to that, he has four failure-to-register convictions.
> So—so while his original conviction may have been many years ago, he has not stopped committing crimes longer than two or three years in the last 30 years, so he—he is not being mistreated by the criminal justice system.

Report of Proceedings (RP) (Nov. 1, 2019) at 7.

---

[2] "Your Honor, this is a ludicrous situation, quite frankly. He was convicted of statutory rape 30 years ago and it is still following him even though he is in no condition to commit any sex crime at this point." RP (Nov. 1, 2019) at 4.

The court imposed a sentence of 57 months, the high end of the standard range, for each conviction, to be served concurrently, followed by 36 months of community custody. His offender score of 15 included two counts of simple possession under RCW 69.50.4013 and its predecessor statute RCW 69.50.401(d).[3] The court determined that Taylor was indigent and imposed "[m]andatory legal financial obligations only." RP (Nov. 1, 2019) at 7. Section 4.2(B)(7) of the judgment and sentence, relating to community custody, requires Taylor to "pay supervision fees as determined by [Department of Corrections] DOC." Clerk's Papers (CP) at 36.

Taylor appeals.

## ANALYSIS

I.    COMMUNITY SUPERVISION FEE

Taylor argues that the statute governing LFOs prohibits the imposition of discretionary costs on indigent defendants and because he is indigent, the court erred in imposing the cost of DOC supervision. He contends that the record indicates that this was an oversight and we should remand to strike the fee.

A trial court may not order a defendant to pay costs if the defendant is indigent as defined in RCW 10.101.010(3) (a) through (c). RCW 10.01.160(3). Additionally, RCW 9.94A.760(1) provides that the court "may not order an offender to pay costs as described in RCW 10.01.160 if the court finds that the offender at the time of sentencing is indigent."

RCW 10.01.160(2) defines "cost" as "limited to expenses specially incurred by the state in prosecuting the defendant or in administering the deferred prosecution program under chapter 10.05 RCW or pretrial supervision."

---

[3] Former RCW 69.50.401(d) (1998) was later recodified as RCW 69.50.4013(1) and contains the same language.

Former RCW 9.94A.703(2)(d) (2018) provides that "Unless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the [DOC]." The community custody supervision fee is a discretionary LFO. *State v. Lundstrom*, 6 Wn. App. 2d 388, 396 n.3, 429 P.3d 1116 (2018), *review denied*, 193 Wn.2d 1007 (2019).

Recently, in *State v. Spaulding*, we addressed the same issue raised by Taylor here. 15 Wn. App. 2d 526, 537, 476 P.3d 205 (2020). Spaulding, an indigent defendant, challenged the imposition of a community custody supervision assessment under RCW 9.94A.703(2)(d). *Id*. We determined:

> [T]he supervision fee is not a "cost" under RCW 10.01.160(3) just because it is a discretionary financial obligation. RCW 10.01.160(2) defines "cost" as an expense specially incurred by the State to prosecute the defendant, to administer a deferred prosecution program, or to administer pretrial supervision. The supervision fee is not a "cost" under this definition. Therefore, RCW 10.01.160(3) does not prohibit the imposition of supervision costs on an indigent defendant.
>
> However, we acknowledge that the imposition of LFOs on indigent defendants can create a significant hardship. *See State v. Blazina*, 182 W[n].2d 827, 835-37, 344 P.3d 680 (2015). The court in *State v. Clark* emphasized that there are strong policy arguments in favor of considering an indigent defendant's ability to pay discretionary LFOs even when such consideration is not required. 191 W[n]. App. 369, 376, 362 P.3d 309 (2015). And under RCW 9.94A.703(2)(d), the trial court has discretion to waive the supervision fee.

*Spaulding*, 15 Wn. App. 2d at 536-37.

Accordingly, we "encourage[d] the trial court on remand to reevaluate the imposition of the supervision fee." *Id*. at 537.

4

Here, as in *Spaulding*, the court was not prohibited from imposing the supervision fee on Taylor. The court's statement that it was ordering "[m]andatory legal financial obligations only" indicates that the court did not intend to impose this fee.[4] RP (Nov. 1, 2019) at 7.

## II. OFFENDER SCORE AFTER *BLAKE*

The parties submitted additional briefing regarding the impact of the recent decision in *Blake*, 197 Wn.2d 170, on Taylor's two prior convictions for simple possession, specifically as it relates to his offender score. Taylor requests that we remand this case to the trial court "to vacate the possession convictions and resentence Mr. Taylor with a reduced offender score." Supp. Br. of Appellant at 8. The State concedes that the prior VUCSA convictions are null and should not be included in his offender score. However, the State argues that such an error in the offender score is harmless because a corrected score of 13 carries the same standard range.

Recently, the Supreme Court determined that RCW 69.50.4013, Washington's strict liability drug possession statute, is void for violating the due process clauses of the state and federal constitutions because it criminalized unintentional, unknowing possession of controlled substances. *Blake*, 197 Wn.2d 170. "'[A]n unconstitutional law is void, and is as no law[,]' [and a] penalty imposed pursuant to an unconstitutional law is no less void because the prisoner's sentence became final before the law was held unconstitutional." *Montgomery v. Louisiana*, 577 U.S. 190, 204, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016) (quoting *Ex parte Siebold*, 100 U.S. 371,

---

[4] The State also argues that we should decline to reach this issue because there is no indication in the record that the DOC has imposed a fee on the Taylor. This argument is unpersuasive. The State provides no authority to support the argument that an erroneous imposition of a fee cannot be reviewed because the fee has yet to be imposed. Although at the time of appeal, the DOC has not yet imposed a supervision fee, that does not mean that it will not.

376, 25 L. Ed. 717 (1879)); *see also State v. Carnahan*, 130 Wn. App. 159, 164, 122 P.3d 187 (2005) (vacating a conviction based on a statute that the Supreme Court held unconstitutional).

Because RCW 69.50.4013 is unconstitutional and void, a conviction under it necessarily cannot be used in an offender score calculation. We accept the State's concession that Taylor's prior VUCSA convictions are null and should not be included in his offender score. Without the two VUCSA convictions, Taylor's offender score changes from 15 to 13. Because the score is over 9, the standard sentence remains the same.

We have previously explained that "a *reduced standard range*, not a reduced offender score, requires resentencing on remand." *State v. Kilgore*, 141 Wn. App. 817, 824, 172 P.3d 373 (2007) (footnote omitted).

However, we also consider whether the original sentence was at the bottom of the standard range. Where the sentencing judge imposed a low-end sentence, reduction of the offender score could not result in a lower sentence within the standard range and it should not result in a higher sentence. *E.g.*, *State v. Johnson*, 61 Wn. App. 539, 552, 811 P.2d 687 (1991). In contrast, here the court did not impose the minimum sentence, so the reduction in the offender score might impact whether the sentencing court could impose a different sentence within the standard range.

In addressing the defense counsel's comment that it was "a ludicrous situation," the court opined that Taylor was not being "mistreated" because Taylor had "not stopped committing crimes longer than two or three years in the last 30 years." RP (Nov. 1, 2019) at 7. Although the court indicated that it was not inclined to be lenient on Taylor, from the record, we cannot divine whether or not a lower offender score would result in a lower sentence.

Because the sentence could change and the record indicates that the court intended to impose only mandatory LFOs, we remand for resentencing with the correct offender score and

6

reconsideration of the supervision fee. Taylor's prior VUCSA charges are not before us on appeal so a motion to vacate those convictions should be brought in superior court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Sutton, J.

Glasgow, A.C.J.